IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | Criminal No. 3:12-CR-318-D(6) |
| VS. | § | |
| | § | |
| RANI F. KHOURY, | § | |
| | § | |
| Defendant. | § | |

MEMORANDUM OPINION
AND ORDER

Defendant Rani F. Khoury ("Khoury") has filed several pretrial motions that the court

decides by this memorandum opinion and order.[1]

I

*Motion for Relief from Misjoinder Pursuant to Rule 8*
*and Prejudicial Joinder Pursuant to Rule 14*

The court first considers Khoury's motion for relief from misjoinder pursuant to

Rule 8 and prejudicial joinder pursuant to Rule 14.

A

Khoury moves the court to sever his trial from that of codefendant Courtney Darell

Lister ("Lister"), asserting that he has been misjoined under Fed. R. Crim. P. 8(b), or,

---

[1]On November 21, 2014, eight of the ten defendants filed an unopposed motion for continuance of trial. Any deadline included in this memorandum opinion and order that is set for a specific date is based on the current trial setting of February 2, 2015. If the continuance motion is granted, the court will reset any specific date based on the new trial setting. If the court denies the continuance motion, any such specific date will continue to apply.

alternatively, that he has been prejudicially joined under Rule 14. Khoury alleges that severance is required because (1) the allegations against Lister are separate and distinct from the conspiracy alleged in count one and have no relevance or association with Khoury, and the facts alleged against Lister are insufficient because they do not arise from the same alleged acts or transaction, or are connected with or constitute part of a common scheme or plan; and (2) even if the court rules that the joinder of Lister and his alleged conduct is proper under Rule 8, the court should find that a joint trial of Lister with Khoury will result in compelling prejudice against Khoury because of the spillover effect of evidence offered against Lister.

### B

The oft-cited general rule in this circuit is that defendants who are indicted together should be tried together. *See, e.g., United States v. Lopez*, 979 F.2d 1024, 1035 (5th Cir. 1992) (citing *United States v. Arzola-Amaya*, 867 F.2d 1504, 1516 (5th Cir. 1989)). "Joinder is the rule rather than the exception[.]" *United States v. Mikolajczyk*, 137 F.3d 237, 240 (5th Cir. 1998). In particular, defendants charged with conspiracy should be tried together. *See United States v. Pofahl*, 990 F.2d 1456, 1483 (5th Cir. 1993); *see also United States v. Featherston*, 949 F.2d 770, 773 (5th Cir. 1991) ("This rule is especially strong when the defendants are charged with committing the same conspiracy."). "A district court should grant a severance only if there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt." *United States v. Neal*, 27 F.3d 1035, 1045 (5th Cir. 1994) (quoting *Zafiro v. United*

*States*, 506 U.S. 534, 539 (1993) (internal quotation marks omitted)).  A defendant must demonstrate that he will receive an unfair trial and suffer compelling prejudice against which the court will be unable to afford protection.  *See United States v. Piaget*, 915 F.2d 138, 142 (5th Cir. 1990).

To decide Khoury's motion for a severance, the court must balance the potential prejudice to him against the public interest in joint trials.  *See United States v. Oliver*, 2008 WL 2511751, at *1 (N.D. Tex. June 23, 2008) (Fitzwater, C.J.) (citing *United States v. Berkowitz*, 662 F.2d 1127, 1132 (5th Cir. Unit B Dec. 1981)).  To obtain a trial severance, Khoury must do more than show some prejudice; he must demonstrate that he will receive an unfair trial and suffer specific and compelling prejudice against which the court cannot protect him.  *See United States v. Mitchell*, 484 F.3d 762, 775 (5th Cir. 2007).

C

1

Khoury seeks relief from misjoinder under Rule 8, contending that the allegations against Lister are separate and distinct from the conspiracy alleged in count one and have no relevance or association with Khoury, and the facts alleged against Lister are insufficient because they do not arise from the same alleged acts or transaction, or are connected with or constitute part of a common scheme or plan.  Rule 8(b) governs joinder of multiple defendants.  *See United States v. Toro*, 840 F.2d 1221, 1238 (5th Cir. 1988).  Rule 8(b) provides:

- 3 -

> The indictment or information may charge two or more defendants if they are alleged to have participated in the same act or transaction, or in the same series of acts or transactions, constituting an offense or offenses. The defendants may be charged in one or more counts together or separately. All defendants need not be charged in each count.

Rule 8(b).

Whether joinder is proper is normally determined from the allegations in the indictment. *See United States v. Faulkner*, 17 F.3d 745, 758 (5th Cir. 1994). In determining whether joinder is proper under Rule 8, the court looks to the allegations in the indictment, which, absent any suggestion of prosecutorial misconduct, are accepted as true. *See United States v. McRae*, 702 F.3d 806, 820 (5th Cir. 2012); *United States v. Kaufman*, 858 F.2d 994, 1003 (5th Cir. 1988). Proper joinder requires that the offenses charged "must be shown to be part of a single plan or scheme," and that "[p]roof of a common scheme is typically supplied by an overarching conspiracy from which stems each of the substantive counts." *United States v. Lane*, 735 F.2d 799, 805 (5th Cir. 1984), *rev'd on other grounds*, 474 U.S. 438 (1986). "'To determine whether an indictment charges separate conspiracies or a single conspiracy, we consider whether the alleged facts reveal a substantial identity of facts or participants. A single conspiracy can be found when the indictment adequately shows a singular conspiratorial objective[.]'" *United States v. Moser*, 123 F.3d 813, 827 (5th Cir. 1997) (quoting *United States v. Lindell*, 881 F.2d 1313, 1318 (5th Cir. 1989)). "Simply because the indictment does not charge each defendant 'with active participation in each phase of the conspiracy does not constitute misjoinder.'" *Id.* (quoting *Lindell*, 881 F.2d at

- 4 -

1318).

2

In count one of the indictment, Khoury, Lister, and eight other defendants are charged with the offense of conspiracy to commit mail fraud, wire fraud, and bank fraud, in violation of 18 U.S.C. § 1349. The indictment charges that "[t]he purpose of the joint scheme and artifice to defraud was to make unsolicited interstate telephone calls to owners of resort timeshare properties and induce them into paying fees associated with the bogus sale of their property," Indictment at 5; that it was part of this joint scheme and artifice to defraud that Khoury, other defendants, and/or unindicted coconspirators incorporated companies to be used in the operation of the alleged scheme, opened bank accounts for receiving funds derived from the scheme, made interstate telephone calls to timeshare owners in the Northern District of Texas and elsewhere in operation of the scheme, and leased office space for use in the scheme; that, in furtherance of the joint scheme and artifice to defraud, and in order to effect its objects, Lister incorporated a company, opened a checking account for receiving funds derived from the scheme, and acquired a private mailbox; and that Lister and Khoury were both participants in a single conspiracy to defraud, in order to obtain money and property by means of false and fraudulent pretenses, representations, and promises, inducing owners of timeshare properties to pay fees associated with the bogus sale of their properties. Accepting as true the allegations of the indictment, the court holds that the requirements of Rule 8(b) are satisfied. *See, e.g., United States v. Lane*, 474 U.S. 438, 447 (1986) ("The indictment also charged all the defendants with one overall count of conspiracy, making

- 5 -

joinder under Rule 8 proper."); *United States v. Morrow*, 177 F.3d 272, 290 (5th Cir. 1999) (holding that joinder in single indictment was proper where each count charged in indictment stemmed from common conspiracy to defraud bank institutions); *United States v. Rocha*, 916 F.2d 219, 228 (5th Cir. 1990) ("Because the indictment alleged that each of the defendants participated in the same conspiracy, the requirements of Rule 8 have been satisfied and joinder was proper.").

Khoury maintains that the fact that count one of the indictment only alleges that Lister participated in three overt acts, and that there are no specific allegations of conduct between Lister and Khoury, supports the conclusion that he and Lister are misjoined. But as already discussed, Rule 8(b) does not require that each defendant actively participate in the same acts, so long as the acts charged are all in furtherance of the same conspiratorial objective. *See Moser*, 123 F.3d at 827. "To be convicted of engaging in a criminal conspiracy, an individual 'need not know all the details of the unlawful enterprise or know the exact number or identity of all the co-conspirators, so long as he knowingly participates in some fashion in the larger objectives of the conspiracy.'" *United States v. Brown*, 553 F.3d 768, 781 (5th Cir. 2008) (quoting *United States v. Garcia Abrego*, 141 F.3d 142, 155 (5th Cir. 1998)). The indictment charges that Khoury and Lister were both members of the same conspiracy and committed acts in furtherance of that single conspiracy to defraud owners of timeshare properties.

Even if the court assumes *arguendo* that the evidence at trial will demonstrate not one conspiracy, but two—one between Fleifel and Lister, and another among Fleifel, Khoury,

- 6 -

and their other defendants—"[j]oinder of defendants is proper under Rule 8 where the record, examined broadly, presents two conspiracies substantially interrelated by their facts and participants." *United States v. Morris*, 176 F.Supp.2d 668, 671 (N.D. Tex. 2001) (Kendall, J.) (citing *Toro*, 840 F.2d at 1238). Khoury acknowledges that discovery in the case "appear[s] to show a connection between Lister and Co-Defendant Fabian Fleifel [("Fleifel")]," Mot. for Relief from Misjoinder at 3, and the indictment alleges a connection between Fleifel and Khoury, *see, e.g.,* Indictment at 11. Thus the indictment alleges a sufficient interrelation of facts and participants to support joinder under Rule 8(b), regardless whether the alleged scheme consists of one overarching conspiracy or two interrelated conspiracies.

Accordingly, the court holds that Khoury and Lister are properly joined under Rule 8(b), and it denies Khoury's motion for relief from misjoinder.

## D

Alternatively, Khoury moves for relief from prejudicial joinder under Rule 14. He contends that a severance is warranted on the basis that a joint trial with Lister will result in compelling prejudice to him. Khoury maintains that the spillover effect of the evidence presented at trial will irreparably harm him because it will effectively preclude the jury from making the required individualized assessment of guilt. He argues that the jury will likely use evidence of one crime to find guilt on all crimes when it would not have found guilt if the crimes were considered separately.

As the court has already explained, the rule in this circuit is that defendants who are

- 7 -

indicted together should be tried together.  *See, e.g., Lopez*, 979 F.2d at 1035.

> In order to obtain severance under Rule 14, the [defendant has] the difficult burden of proving that [he] will suffer the most compelling prejudice from continued joinder. . . .  The test for such prejudice is [w]hether under all the circumstances of the particular case, as a practical matter, it is within the capacity of the jurors to follow the court's admonitory instructions and accordingly to collate and appraise the independent evidence against each defendant solely upon that defendant's own acts, statements and conduct.

*United States v. Zicree*, 605 F.2d 1381, 1388-89 (5th Cir. 1979) (quoting *United States v. Wasson*, 568 F.2d 1214, 1222 (5th Cir. 1978)).  Even when the evidence in a case is "both massive and complex," the court can "explicitly instruct[] the jury to consider each offense separately and each defendant individually."  *United States v. Whitfield*, 590 F.3d 325, 356 (5th Cir. 2009) (quoting *United States v. Manzella*, 782 F.2d 533, 540 (5th Cir. 1986) (internal quotation marks omitted)).  "Limiting instructions such as these are generally 'sufficient to prevent the threat of prejudice resulting from unsevered trials.'"  *Id.* (quoting *United States v. Massey*, 827 F.2d 995, 1005 (5th Cir. 1987)).

Moreover, "prejudice that may result from the introduction of evidence at trial relating to co-conspirators that is irrelevant to a particular defendant . . . does not require severance[.]"  *United States v. Potashnik*, 2008 WL 5272807, at *8 (N.D. Tex. Dec. 17, 2008) (Lynn, J.) (citing *United States v. Krenning*, 93 F.3d 1257, 1267 (5th Cir. 1996)).  "Similarly, a quantitative disparity in the *amount* of evidence offered against one defendant in relation to other co-defendants is also normally insufficient to warrant severance under Rule 14[.]"  *Id.* (citing *Pofahl*, 990 F.2d at 1482).  Even if more damaging evidence is

- 8 -

presented against one defendant than another, severance is not the proper means of confining "spillover" evidence. "The pernicious effect of cumulation is best avoided by precise instructions to the jury on the admissibility and proper uses of the evidence introduced by the government." *United States v. Harrelson*, 754 F.2d 1153, 1175 (5th Cir. 1985) (quoting *United States v. Morrow*, 537 F.2d 120, 136 (5th Cir. 1976) (alterations omitted)); *see also Piaget*, 915 F.2d at 142. The decision to grant a severance under Rule 14 on the ground that the joinder of the defendants prejudices one defendant lies within the district court's discretion. *Neal*, 27 F.3d at 1045.

Khoury has not demonstrated that the court should vary from the normal rule that defendants charged with the same conspiracy should be tried together. He has not carried his "difficult burden of proving that [he] will suffer the most compelling prejudice from continued joinder[.]" *Zicree*, 605 F.2d at 1388-89. Khoury's argument that a joint trial will lead the jury to convict him based on the spillover effect of evidence offered against Lister fails to address adequately the fact that the court can instruct the jury that it is to consider separately the evidence offered against each defendant. *See, e.g., Berkowitz*, 662 F.2d at 1135. If the jury can keep separate the evidence that is relevant to each defendant, even if the task is difficult, and render a fair and impartial verdict as to each defendant, a severance should not be granted. *See Rocha*, 916 F.2d at 228-29. Khoury has not demonstrated that, under all the circumstances of this particular case, the jury cannot, as a practical matter, follow the court's admonitory instructions and collate and appraise the independent evidence against Khoury. Because Khoury has failed to demonstrate that the jury will not be able to

- 9 -

compartmentalize the evidence against the various defendants or to apply that evidence in accordance with the jury charge—in which the court anticipates that the jury will be instructed to consider only the evidence offered against the defendant in question—he has failed to demonstrate that the court should grant a severance.

Accordingly, Khoury's alternative motion for relief from prejudicial joinder under Rule 14 is also denied.

## II

### *Motion for Early Production of Statements of Witnesses*

Khoury moves the court to require the government to produce 18 U.S.C. § 3500 witness statements—i.e., Jencks Act statements—14 days prior to trial. In response, the government agrees to fully comply with 18 U.S.C. § 3500, but it opposes any requirement that it disclose such materials sooner than one day before the witness to whom the material pertains testifies, citing the long-standing practice in the Dallas Division of this court.

18 U.S.C. § 3500(b) (which pertains to the government) and Rule 26.2(a) (which pertains to the government and to a defendant) do not authorize the court to compel a party to produce a witness statement any earlier than after a witness has testified on direct examination. In this district, however, it is the custom for Jencks Act-type materials, including statements under Rule 26.2(a), to be disclosed at the end of the business day preceding the date on which the defendant will begin his cross-examination of a witness. Therefore, the court orders the government to comply with the Jencks Act and Rule 26.2(a) no later than the business day preceding the date on which Khoury will begin his

- 10 -

cross-examination of the witness whose statement is being produced. To the extent Khoury requests greater relief, the motion is denied.

### III

*Motion for Hearing on Admissibility of Statements*
*Made by Unavailable Witnesses or Alleged Coconspirators*

Khoury moves for a pretrial hearing to determine the admissibility of any statements made by unavailable witnesses or alleged coconspirators. Although he refers generally to unavailable witnesses, he focuses in his motion on evidence that he maintains the government intends to offer under Fed. R. Evid. 801(d)(2)(E), the coconspirator exception to the hearsay rule. Khoury requests that the court order that a pretrial hearing[2] be conducted to determine that such evidence is admissible before it is introduced at trial.

The government responds that a separate hearing is not mandatory under *United States v. James*, 590 F.2d 575 (5th Cir. 1979) (en banc); that the court retains the discretion to decide whether to conduct such a hearing; and that the court is authorized to, and should, carry its ruling on the existence of a conspiracy, the identities of the members of the conspiracy, and the admissibility of coconspirator statements against certain defendants, subject to the government's later connection in its case-in-chief.

In *James* the Fifth Circuit held that coconspirator statements are admissible as non-hearsay under Rule 801(d)(2)(E) only if substantial independent evidence of a conspiracy

---

[2]This type of hearing is referred to as a *James* hearing. *See United States v. James*, 590 F.2d 575 (5th Cir. 1979) (en banc).

exists. *James*, 590 F.2d at 581. But "[a] *James* hearing, conducted outside the presence of the jury, is *one potential method* by which the district court may ensure [that] the Government can satisfy the predicate facts needed to prove the conspiracy independent of the statements." *United States v. Williams*, 264 F.3d 561, 576 (5th Cir. 2001) (emphasis added). Deciding "[w]hether a *James* hearing is necessary in a particular case [is] within the discretion of the trial court." *Id.* "*James* has *never required* a hearing outside the presence of the jury." *United States v. Fragoso*, 978 F.2d 896, 899 (5th Cir. 1992) (emphasis added). In this case, the court concludes that convening such a hearing would be burdensome and effectively result in a mini-trial of potentially considerable length, given that one of Khoury's requests is that the government be required to prove at the hearing the existence of a conspiracy and of Khoury's participation in it at the time the statement was allegedly made. Presumably, Khoury would insist that the government make this showing through the witnesses whom the government intends to call to testify at trial. The government is not obligated in a conspiracy case involving Rule 801(d)(2)(E) evidence to participate in a form of elaborate pretrial discovery conducted under the guise of requiring that it satisfy the predicate facts needed to prove the admissibility of coconspirator statements. Accordingly, the court denies the motion.

The court recognizes that, during the trial, it must "whenever reasonably practicable, require the showing of a conspiracy and of the connection of the defendant with it [pursuant to Rule 801(d)(2)(E)] before admitting declarations of a coconspirator." *Fragoso*, 978 F.2d at 900. In complying with Rule 801(d)(2)(E), the court must determine whether there is

- 12 -

sufficient "'evidence that there was a conspiracy involving the declarant and the nonoffering party, and that the statement was made during the course and in furtherance of the conspiracy.'"  *Id.* (quoting *Bourjaily v. United States*, 483 U.S. 171, 175 (1987) (internal quotation marks omitted)).  The court will adhere to these requirements in trying this case.

## IV

### *Motion for Discovery*

In Khoury's motion for discovery he seeks the production of several categories of information.  The government has not filed a response.

### A

### *Defendant's Statements*

Khoury asks the court to compel the government to disclose the following: all written or recorded statements made by Khoury; the substance of any statements made by Khoury that the government intends to offer in evidence at trial; any of his responses to interrogation; the substance of any oral statements that the government intends to offer at trial, and any summaries of Khoury's oral statements contained in the reports or handwritten notes of a government agent; and any other statements that are discoverable under Rule 16(a)(1)(A). This request includes all of Khoury's statements, whether oral or written, regardless whether the government intends to use those statements during trial.  Khoury also requests that the government confirm that Khoury has received all of the reports, Memoranda of Interviews, or other documents containing statements made by him.

To the extent Khoury requests discovery that the government is required to disclose

under Rules 12(b)(4), 16, and 26.2, the Jencks Act, 18 U.S.C. § 3500, *Brady v. Maryland*, 373 U.S. 83 (1963), and its progeny, and *Giglio v. United States*, 405 U.S. 150 (1972), and its progeny, the motion is granted.  To the extent Khoury's requests exceed what is required by these authorities, the motion is denied.  The government need not produce Jencks Act materials or statements discoverable under Rule 26.2 until the deadline specified *infra* at § IV.

B

*Tangible Documents and Objects*

Khoury asks the court under Rule 16(a)(1)(E) to compel the government to permit Khoury to inspect and copy, as well as test, if necessary, all documents and tangible objects, including, but not limited to, photographs, books, papers, and electronic files, that are material to his defense, are intended for use in the government's case-in-chief, or were obtained from or belong to Khoury.

To the extent Khoury requests discovery that the government is required to disclose under Rules 12(b)(4), 16, and 26.2, the Jencks Act, 18 U.S.C. § 3500, *Brady*, and *Giglio*, the motion is granted.  To the extent Khoury's requests exceed what is required by these authorities, the motion is denied.

C

*Oral and Written Agreements with Witnesses*

In category no. 3, Khoury essentially makes a request for disclosure of *Giglio* materials.  Khoury asks the court to compel the government to produce all proffer

agreements, immunity agreements, motions for immunity, orders for immunity, plea agreements, and motions for downward departure filed on behalf of any government witness, including but not limited to cooperating codefendants and unindicted coconspirators.

To the extent Khoury requests discovery that the government is required to disclose under *Giglio* and/or *Brady*, the motion is granted. To the extent Khoury's requests exceed what is required by these authorities, the motion is denied.

D

*Reports of Scientific Tests or Examinations*

Khoury moves the court to compel the government to produce the reports of all tests and examinations conducted upon the evidence in this case under Rule 16(a)(1)(F). This request includes, but is not limited to, all forensic analysis of computer hard drives, servers, and other electronic media storage devices.

To the extent Khoury requests discovery that the government is required to disclose under Rule 16(a)(1)(F), *Brady*, and *Giglio*, the motion is granted. To the extent Khoury's request exceeds what is required by these authorities, the motion is denied.

E

*Expert Witness Pursuant to Rule 16(a)(1)(G)*

Khoury moves the court to compel the government to timely disclose a written summary of any testimony that the government intends to offer during its case-in-chief under Fed. R. Evid. 702, 703, and/or 704.

To the extent Khoury requests discovery that the government is required to disclose

- 15 -

under Rule 16(a)(1)(G), *Brady*, and *Giglio*, the motion is granted.  To the extent Khoury's request exceeds what is required by these authorities, the motion is denied.  The court orders the government to comply with Rule 16(a)(1)(G) no later than January 5, 2015.

F

*Brady Material*

Khoury moves for disclosure of *Brady* materials, including all documents, statements, agents' reports, presentence reports of all witnesses where applicable, and tangible evidence that is favorable to Khoury or affects the credibility of the government's case.

To the extent Khoury requests discovery that the government is required to disclose under *Brady* and *Giglio*, the motion is granted.  To the extent Khoury's request exceeds what is required by these authorities, the motion is denied.

G

*Any Proposed 404(b) Evidence*

Khoury requests disclosure of any evidence the government proposes to introduce under Fed. R. Evid. 404(b) at trial.  Khoury further requests that the court order the government to give notice of its intent to use such evidence at least four weeks before trial.

To the extent Khoury requests discovery that the government is required to disclose under Rule 404(b) or Rule 16, the motion is granted.  To the extent Khoury's request exceeds what Rule 404(b) requires, the motion is denied.  The court denies Khoury's request that the information be provided four weeks before trial, but it orders that the government provide the notice required by Rule 404(b) no later than 14 days before the date the trial commences

(i.e., Tuesday, January 20, 2015, because 14 days before February 2, 2015 is a federal holiday).

H

*Request for Preservation of Evidence*

Khoury moves the court to require the government to preserve any physical evidence that may be destroyed or lost, or otherwise put out of the possession, custody, or care of the government relating to the investigation or pending charges in this case. This request includes, but is not limited to, any evidence seized from any third party and any emails relating to the alleged conspiracies. Khoury further moves the court to order the government to question all agencies and individuals involved in the prosecution and investigation of this case to determine if such evidence exists, including the Florida Department of Agriculture, the Florida Attorney General, the Seminole County Sheriff's Department, the Orlando Police Department, and the Seminole County District Attorney's Office, and to inform those parties to preserve any such evidence in their possession.

The court grants the motion to the extent that it orders the government to preserve such materials that are in its care, custody, or control, and it otherwise denies the motion.

I

*Evidence of Bias or Motive to Lie*

Khoury requests the disclosure of any evidence that would provide a basis to argue that any prospective government witness is biased or prejudiced against Khoury or has any motive to falsify or distort his testimony.

- 17 -

To the extent Khoury requests discovery that the government is required to disclose under Rules 12(b)(4), 16, and 26.2, the Jencks Act, *Brady*, and *Giglio*, the motion is granted. To the extent Khoury's request exceeds what is required by these authorities, the motion is denied.

J

*Impeachment Evidence*

In categories no. 10, 11, and 12, Khoury essentially requests disclosure of *Brady* materials that would constitute impeachment evidence. Khoury requests any evidence that any prospective witness has engaged in any criminal act and whether any witness has made a statement that is favorable to Khoury; any evidence that any prospective witness is currently under investigation by federal, state or local authorities for any criminal conduct; any evidence, including medical or psychiatric report or evaluation, tending to show that any prospective witness' ability to perceive, remember, communicate, or tell the truth is impaired; and any evidence that a witness has used narcotics or other controlled substances, or has ever abused alcohol or any other intoxicating substances.

To the extent Khoury requests discovery that the government is required to disclose under *Brady* and *Giglio*, the motion is granted. To the extent Khoury's requests exceed what is required by these authorities, the motion is denied.

K

*Witness Addresses*

Khoury moves the court to compel the government to disclose the name and last known address of any prospective government witness, as well as the name and last known address of every witness to the crime or crimes charged who will not be called as a government witness.

To the extent Khoury requests discovery that the government is required to disclose under *Brady* and *Giglio*, the motion is granted. Additionally, although Khoury does not explicitly request production of the government's witness list, he essentially seeks its functional equivalent. The court declines to require the government to provide its witness list except as required by the local criminal rules and the scheduling order entered in this case. The question whether to grant a defendant's motion to discover the list of the government's witnesses is within the trial court's discretion. *Downing v. United States*, 348 F.2d 594, 599 (5th Cir. 1965). In his motion, Khoury has failed to demonstrate cause for the court to order the government to produce its witness list in advance of the time prescribed by the rules or the court's order, or that disclosure of a witness' address is warranted in this case. The motion is therefore denied to the extent it requests relief that exceeds what the court has granted.

L

*Names of Witnesses Favorable to the Defendant*

Khoury requests disclosure of the name of any witness who made an arguably favorable statement concerning Khoury or the crimes charged. Although this material is likely covered already by the court's rulings, to the extent Khoury requests discovery that the government is required to disclose under *Brady* and *Giglio*, the motion is granted. To the extent Khoury's request exceeds what is required by these authorities, the motion is denied.

M

*Witness Statements and Jencks Act Material*

In category 15, Khoury requests disclosure of all material covered by the Jencks Act or Rule 26.2 reasonably in advance of trial to expedite cross-examination and avoid lengthy recesses during trial.

The court has already addressed Khoury's motion for early production of witness statements *supra* at § II. To the extent Khoury requests greater relief than that granted by the court in § II, the motion is denied.

N

*Giglio Information*

Khoury requests disclosure of all statements, agreements, and/or promises, express or implied, made to or with any government witness in exchange for the witness' testimony or cooperation in this case, as well as any other information that could arguably be used for impeachment of any government witness.

Although this material is likely covered already by the court's rulings, to the extent Khoury requests discovery that the government is required to disclose under *Brady* and *Giglio*, the motion is granted. To the extent Khoury's request exceeds what is required by these authorities, the motion is denied.

V

Except to the extent that the Jencks Act and Rule 26.2(a) permit later disclosure, the government must comply no later than December 29, 2014 with its disclosure and discovery obligations imposed by this memorandum opinion and order and by the government's agreement to produce what Khoury has requested. Concerning material that qualifies as a "statement" under the Jencks Act or Rule 26.2(f), in accordance with the custom in this district, the government must comply with the Jencks Act and Rule 26.2(a) no later than the business day preceding the date on which Khoury will begin his cross-examination of the witness whose statement is being produced.

**SO ORDERED.**

November 24, 2014.

_____
SIDNEY A. FITZWATER
UNITED STATES DISTRICT JUDGE